**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

HARRY LAWRENCE QUIGLEY,

                Plaintiff,

v.                                             CIVIL ACTION NO.   3:18-cv-01323

STEVE WILLIAMS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff Harry Quigley's ("Plaintiff") Complaint. (ECF No. 2.) By Standing Order entered in this case on October 12, 2018, this case was referred to Magistrate Judge Robert W. Trumble[1] for findings of fact and a recommendation for disposition ("PF&R"). (ECF No. 4.) On November 16, 2018, Magistrate Judge Trumble entered a PF&R in which he recommends that the Complaint be dismissed with prejudice as to Defendants Denver C. Offutt, Jr. ("Offutt"), Steven K. Nord ("Nord"), Ryan Q. Ashworth ("Ashworth"), Robert C. Chambers ("Judge Chambers"), Cheryl A. Eifert ("Magistrate Judge Eifert"), and Omar Aboulhosn ("Magistrate Judge Aboulhosn"), and without prejudice as to Defendants City of Huntington ("the City"), Mayor of Huntington Steve Williams ("Williams"), City Attorney Scott Damron ("Damron"), Joyce Clark ("Clark"), Charles McComas ("McComas"), Alex Vence ("Vence"), Jennifer Wheeler ("Wheeler"), Tonia Page ("Page"), Mark Bates ("Bates"),

---

[1] This case was originally referred to Magistrate Judge Dwane L. Tinsley. (ECF No. 3.) However, a conflict prevented all sitting magistrate judges in the Southern District of West Virginia from participating in this matter. (ECF No. 4.) Thus, the matter was transferred to Magistrate Judge Trumble.

Mike Shockley ("Shockley"), Tom McGuffin ("McGuffin"), Tina Brooks ("Brooks"), Rebecca Howe ("Howe"), and Carol Polan ("Polan"), the latter eleven Defendants being Huntington City Council Members (collectively "City Council Members"), pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed timely Objections to the PF&R on November 30, 2018.

For the reasons explained more fully herein, the Court **OVERRULES** Plaintiff's Objections, (ECF No. 6), **ADOPTS** the PF&R, (ECF No. 5), and **DISMISSES** this action.

## I.  BACKGROUND

On March 17, 2016, Plaintiff was arrested for brandishing a weapon. (*See* ECF No. 2 at 7–9, ¶¶ 17–20.) This charge was eventually dropped. (*See id.* at 10, ¶ 22.) Plaintiff subsequently filed an action pursuant to 42 U.S.C. § 1983, alleging that the City and police officers violated his civil rights during his arrest. (*See* ECF No. 5 at 2.) The case was initially referred to Magistrate Judge Eifert; however, Magistrate Judge Eifert recused herself because the Offutt-Nord Law Firm, in which Magistrate Judge Eifert's husband is a founding partner, was selected by the City's insurance company to represent the City and the five named officers. (*See* ECF No. 2 at 11, ¶ 30.) Plaintiff filed a motion to have the Offutt-Nord Law Firm disqualified, which Magistrate Judge Aboulhosn denied. (*See id.* at 12, ¶ 33.)

On January 17, 2018, Plaintiff filed a motion to disqualify Judge Chambers and Magistrate Judge Aboulhosn, alleging bias, due in part to Judge Chambers' son being employed by the City. (*See* ECF No. 2 at 14, ¶ 40; ECF No. 5 at 3.) However, Judge Chambers denied Plaintiff's motion as to himself for failing to identify any interest that may reasonably be affected by the City's employment of his son. (*See id.* at 3.) Magistrate Judge Aboulhosn also denied Plaintiff's motion as to himself for failing to argue any of the specific examples of when judges are disqualified under the Code of Conduct for United States Judges. (*See id.* at 3–4.)

Defendants in that case subsequently filed a motion for summary judgment, which, in a PF&R on April 27, 2018, Magistrate Judge Aboulhosn recommended granting. (*See id.* at 4.) On September 27, 2018, Judge Chambers adopted Magistrate Judge Aboulhosn's PF&R and dismissed Plaintiff's case. (*See id.*) Plaintiff appealed Judge Chambers' order, arguing that Judge Chambers acted under the influence of extreme bias. (*See id.* at 5.) On April 11, 2019, the Fourth Circuit denied that appeal. *See Quigley v. City of Huntington*, No. 18-2285, 2019 WL 1568608, *1 (4th Cir. Apr. 11, 2019).

Plaintiff filed the present action on September 27, 2018, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging that Defendants violated his constitutional rights by denying his access to the courts. (*See* ECF No. 2.) Plaintiff generally alleges that Defendants conspired to permit the Offutt-Nord Law Firm to appear in his previous civil rights case, causing Magistrate Judge Eifert to recuse herself and thus, denying Plaintiff access to an impartial court process. (*See id.* at 15–26.)

## II.     LEGAL STANDARD

### A.     *Review of PF&R*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)

(citations omitted). However, "[t]he district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to de novo review by the district court thereby established." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In reviewing the portion of the PF&R to which Plaintiff objects, this Court will consider the fact that Plaintiff is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

B.    *Review of Complaint Pursuant to 28 U.S.C. § 1915*

When a litigant seeks to proceed in forma pauperis, this Court must "screen [the litigant's] initial filings" before allowing the suit to proceed. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). This Court must dismiss the action if it determines during this screening process that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### III.    DISCUSSION

Plaintiff asserts four main objections to the PF&R. (*See* ECF No. 6.) The Court will address each of these objections individually to the best of the Court's ability. The Court observes that Plaintiff's Objections are often difficult to fully comprehend and characterize. Nonetheless, the Court considers the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *See Estelle*, 429 U.S. at 97; *Loe*, 582 F.2d at 1295. However, to the extent any of the objections are general and address things outside of the PF&R, the Court is not required to review those objections. *See Orpiano*, 687 F.2d at 47.

4

A.  *Objection I*

Plaintiff first objects to Magistrate Judge Trumble's recommendation to dismiss the City Council Members, Williams, and Damron ("Group I Defendants"). (*See* ECF No. 6 at 3–4.) Specifically, Plaintiff argues that Group I Defendants had "final policy-making authority with respect to the employment of [the Offutt-Nord Law Firm], and they sanctioned its involvement in the case." (*Id.*) Plaintiff further argues that Damron acted in concert with the other Group I Defendants by acting as co-counsel with the Offutt-Nord Law Firm, and thus is also liable for the alleged violation of Plaintiff's constitutional rights. (*See* ECF No. 6 at 7.)

Under *Monell*, "a municipality may be subject to liability under section 1983 if the alleged injury was caused by an identifiable municipal policy or custom." *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). "To state a cause of action against a municipality, a [S]ection 1983 Plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." *Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 781 (M.D.N.C. 2011) (quoting *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008)); *see Jordan ex. rel Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). However, a "merely expressed belief or opinion" of a policy or final policymaking authority without any supporting factual allegations is not enough to state a *Monell* claim. *See Barrett v. Board of Educ.*, 590 F. App'x 208, 210 (4th Cir. 2014); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility to entitlement to relief.") (internal quotations omitted).

In his Complaint, Plaintiff alleges that Group I Defendants conspired against him and created a policy to deprive him of a fair court process by acquiescing in the Offutt-Nord Law Firm's representation of the City. (*See* ECF No. 2 at 16, ¶ 48.) Plaintiff further attempts to equates Group I Defendants' failure to halt the representation of the Offutt-Nord Law Firm with "sanctioning" a policy. (*See* ECF No. 6 at 5.) Although a single decision by a governing body may in limited instances constitute a policy, Plaintiff does not provide any factual support that Group I Defendants, including Damron, had the final authority to choose the City's legal representation. *See Riddick*, 238 F.3d at 523 ("To qualify as a 'final policymaking official,' a municipal official must have the responsibility and authority to implement final municipal policy with respect to a particular course of action." (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986))). In fact, Plaintiff appears to admit that, under the City's insurance policy, the City contracted away its right to choose its representation. (*See* ECF No. 6 at 4 (arguing that Group I Defendants could not "contract away their duty to uphold the Constitution [by seemingly preventing conflicts of interest] to Nationwide Insurance or any other third party").) Thus, Plaintiff has not sufficiently alleged that Group I Defendants had policy making authority. *See Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) ("[M]unicipal liability attaches only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy"). As such, Plaintiff has failed to state a claim for relief as to Group I Defendants. Accordingly, the Court **OVERRULES** Plaintiff's first objection.

B.   *Objection II*

Plaintiff next objects to Magistrate Judge Trumble's recommended dismissal of the City. (*See* ECF No. 6 at 7–9.) Similar to his first objection, Plaintiff appears to assert that the City

had a policy to deprive Plaintiff of fair judicial process by allowing the Offutt-Nord Law Firm to participate in the previous action. (*See* ECF No. 6 at 8.) Plaintiff then summarily asserts that the City was a final policy-maker. (*See id.*) However, as discussed more fully above, Plaintiff admits that the insurance company and not the City had the authority to choose which law firm represented the City. (*See id.* at 8–9.) As Plaintiff still has not sufficiently alleged that the City had policy-making authority, Plaintiff cannot state a § 1983 claim against the City. *See Riddick*, 238 F.3d at 523. Accordingly, the Court **OVERRULES** Plaintiff's second objection.

    C.    *Objection III*

Plaintiff next objects to Magistrate Judge Trumble's recommended dismissal of Offutt, Nord, and Ashworth for not being state actors for the purposes of a § 1983 claim. (*See* ECF No. 6 at 9–12.) Plaintiff argues that by acting in concert with the Group I Defendants, Offutt, Nord, and Ashworth were acting under color of law for the purposes of § 1983. (*See id.* at 10.) Plaintiff further argues that private attorneys are only immune from liability if that person is acting in a defense counsel role as an adversary to the state. (*See id.*)

In order to be amenable to suit under § 1983, a defendant must be a state actor or have a sufficiently close relationship with state actors so that the defendant can be said to be acting under color of state law. *See Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (citing *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)). Generally, a private party does not act "under color of state law" for the purposes of a § 1983 claim and "a State's '[m]ere approval of or acquiescence in the initiatives of a private party is insufficient' to subject that private party to liability." *See id.* (quoting *DeBauche*, 191 F.3d at 507). Further, "representation of a successful adverse party in state litigation does not give rise to state action." W*olfe by Hedges v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984) (citing *Wilkins v. Rogers*,

581 F.2d 399, 405 (4th Cir. 1978)); *see also Galloway v. Gainer*, No. 2:17-cv-58, 2017 WL 2825932, at *2 (N.D. W. Va. June 3, 2017) ("Private attorneys and public defenders do not act under color of state law by being part of the state judicial system or being paid by a state agency." (citing *Polk Cty. v. Dodson*, 454 U.S. 312 (1981))).

Here, Plaintiff alleges that Offutt, Nord, and Ashworth were acting under color of state law simply because they represented the City and worked with Damron, the City Attorney. (*See* ECF No. 2 at 18, ¶ 27; *see also* ECF No. 6 at 10.) However, as stated above, Offutt's, Nord's, and Ashworth's representation of the City, without more, does not give rise to state action. *See Wolfe*, 601 F. Supp. at 428; *see also Marcantoni v. Bealefield*[2], 734 F. App'x 198, 199 ("[P]rivate attorneys do not act under color of state law and a § 1983 suit may not be maintained against an attorney based on his representation."); *Taccino v. Morrisey*, No. 2:16-cv-164, 2017 WL 1086216, at *7 (N.D. W. Va. Feb. 8, 2017) (proposed findings and recommendation) *adopted in*, No. 3:16-cv-164, 2017 WL 1074285 (N.D. W. Va. Mar. 21, 2017) (finding that private attorneys hired to represent the State of West Virginia were not acting under color of state law where the allegations pertained to their representation). As they are not state actors, Plaintiff cannot state a claim against Offutt, Nord, and Ashworth. Accordingly, the Court **OVERRULES** Plaintiff's third objection.

D. *Objection IV*

Plaintiff lastly objects to Magistrate Judge Trumble's recommendation to dismiss Judge Chambers and Magistrate Judge Eifert. (*See* ECF No. 6 at 12.) Plaintiff argues that both Judges' decisions to not sanction the Offutt-Nord Law Firm, Judge Eifert's alleged failure to

---

[2] To the extent that Plaintiff argues that *Marcantoni* was erroneously decided, (*see* ECF No. 6 at 10), the Court does not find this argument persuasive as Plaintiff has not presented any argument as to why it was wrongly decided. *See Hubbard v. United States*, 514 U.S. 695, 716 (1995) (Scalia, J., concurring) (explaining that a past decision should not be overruled without more grounds than that it was wrongly decided).

disclose her marriage to Offutt, and Judge Chambers' failure to answer Plaintiff's requests to overrule Magistrate Judge Aboulhosn and declare a West Virginia statute and a West Virginia Constitutional provision void were extra-judicial acts that do not fall under the cloak of judicial immunity. (*See id.* at 13–14.)

First, none of the statutes under which Plaintiff is suing apply to federal actors, including federal judges. *See Cox*, 876 F.3d at 632. Further, even construing Plaintiff's Complaint liberally to assert a cause of action under *Bivens*, Magistrate Judge Eifert and Judge Chambers are protected by judicial immunity as they were clearly acting within their judicial discretion. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts. . . ."); *see also Mendez v. Britt*, No. 5:08-ct-3135, 2009 WL 10703158, at *2 (E.D.N.C. Nov. 2, 2009) (finding that judicial immunity applied for acts committed within a judge's judicial discretion and stating that "[t]he proper recourse for a party who believes that a judge has ruled improperly or unfairly is to raise such errors on appeal." (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967))); *Stephens v. Herring*, 827 F. Supp. 359, 365 (E.D. Va. 1993) (finding judicial immunity where the plaintiff alleged a conspiracy by the judge to violate the plaintiff's rights in a previous action). As such, Plaintiff cannot state a claim against Magistrate Judge Eifert or Judge Chambers. *See Stephens*, 827 F. Supp. at 365 ("Because [the defendant judge] is entitled to judicial immunity, the amended complaint fails to state, as to him, a claim upon which relief can be granted.") (citing *King v. Myers*, 973 F.2d 354 (4th Cir. 1992))). Accordingly, the Court **OVERRULES** Plaintiff's fourth objection.

IV. CONCLUSION

For the reasons herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 6), **ADOPTS** the PF&R, (ECF No. 5), and **DISMISSES** this action **WITH PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 25, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE